No. 87-219

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

ELMER O. SAMPSON,

        Plaintiff and Respondent,

-vs-

RALPH G. GROOMS and GERTRUDE GROOMS,

        Defendants and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Thomas J. Stusek, Billings, Montana

    For Respondent:

        Anderson, Brown, Gerbase, Cebull, Fulton, Harman
& Ross; John Russell, Billings, Montana

Submitted on Briefs: Sept. 10, 1987

Decided: January 19, 1988

Filed: JAN 19 1988

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal of a Yellowstone County District Court order enjoining the Grooms from preventing or interfering with Sampson's right to use an easement for access to his property and for parking vehicles. We affirm in part, reverse in part, and remand with instructions to enter a permanent injunction consistent with this opinion.

Sampson and the Grooms are neighbors. The deed to Sampson's land (tract "A") includes an easement for a twelve-foot wide "private road" over property now owned by the Grooms (tract "B"). In 1979, Sampson erected a fence around his property that effectively blocked-off his then existing driveway. He then began to use the easement (on land owned by the Grooms' predecessor in interest) for ingress and egress to his property, parking, and storage of various vehicles and camper shells. The Grooms have lived on tract "C" since 1957 and they purchased tract "B" adjoining Sampson's property in 1982. Shortly thereafter, the Grooms erected a fence around tract "B" and barricaded the easement. The easement remained blocked from July to November of 1982.



Sampson filed a complaint for injunctive relief and damages on October 20, 1982. The Grooms answered with counterclaims that (1) they own the land underlying the easement in fee simple and (2) that the allowed use of the easement does not extend to include a parking lot and vehicle storage area. On November 23, 1982, the District Court issued a preliminary injunction that ordered the Grooms "to immediately remove any blockades or other devices blocking or interfering in any way with travel over and use of said easement." The District Court subsequently ordered that the issues be resolved in a motion for summary judgment. Sampson moved for summary judgment and the matter was fully briefed by both parties.

On June 27, 1985, the District Court ruled that an easement exists on tract "B" in favor of tract "A". On July 11, 1985, the Grooms moved to alter or amend the June 27th judgment on the grounds that the District Court had not resolved the question of whether Sampson's use of the easement for parking and storage was permissible. The District Court, in a memorandum and order of September 12, 1985, denied the Grooms' motion and stated that "[the Grooms] can determine to institute another action to have adjudicated whether the use made by [Sampson] of the easement involved is an improper or excessive use . . . "

Approximately one year later, and after a substitution of judges and of counsel for the Grooms, the Grooms moved for a preliminary injunction based on their remaining counterclaim; i.e., that Sampson's parking and storage of vehicles exceeded the permissible use of the easement in question. The Grooms subsequently moved for summary judgment and the matter was submitted on briefs. After several interim temporary orders, the District Court ordered the following on April 9, 1987:

3

> IT IS ORDERED that Defendants [Grooms] be, and hereby are enjoined from preventing or interfering in any way with Plaintiff's [Sampson] use and enjoyment of the easement as a driveway customarily is used and enjoyed, including but not limited to the parking of vehicles for continuous reasonable periods of time and the short term storage of vehicles.
>
> IT IS FURTHER ORDERED that Plaintiff [Sampson] be, and hereby is, enjoined from preventing Defendants' [Grooms] use of the easement, upon reasonable advance request if Plaintiff's vehicles must be moved, for such vehicular access to their [the Grooms] backyard as is necessary to accomplish purposes which would have been valid and reasonable at the time of the institution of this cause in 1982.
>
> This order applies not only to the parties but also to members of their families, their employees, servants or agents, their business and social invitees, and any other persons acting for or on their behalf, or under their direction and control. (Additions ours.)

The District Court continued the damage issue pending this appeal. The Grooms appeal the April 9th order and raise eight issues:

(1) Is the subject easement specific in its terms? If so, then parking is not permitted upon such an easement under any set of circumstances.

(2) Assuming, arguendo, that the easement is not specific then the court must look to the surrounding circumstances, the "extent of the easement" (terms, intent) and the "situation of the property" (nature of the parking) to construe the reasonable scope of usage of the easement.

4

(3) What are the surrounding circumstances regarding the terms of grant of the subject easement and the intent of the original grantor thereof?

(4) What are the surrounding circumstances as relate to the "situation of the property" and the nature of vehicle parking and storage being conducted thereon?

(5) In light of these specific facts, whether or not such parking, or any parking, by respondent is an interference with the appellants' (owners of the property upon which the private road is located) reasonable use of the easement?

(6) Does either party have exclusive easement rights in this case?

(7) Have any prescriptive rights as to the subject easement been obtained?

(8) Inasmuch as injunctive relief is an equitable remedy, is respondent equitably entitled to the injunctive relief awarded him per the District Court's order of April 9, 1987?

Our review on this appeal is limited to the question of whether the District Court abused its discretion in granting the injunction. Madison Fork Ranch v. L & B Lodge Pole Timber Products (1980), 189 Mont. 292, 615 P.2d 900. Neither party questions the necessity of an injunction in this case. The animosity between the parties is readily apparent to this Court as it surely was to the District Court. The District Court was presented with feuding neighbors and imminent violence. An injunction against both parties was proper under the circumstances.

This Court must also review the scope of the injunction in this case to determine whether the District Court abused its discretion. The extent of the easement in question is governed by § 70-17-106, MCA, which states:

5

use of the easement for parking and storage of vehicles indicates intent that such use "is reasonable . . . "

Sampson argues that his parking and storage of vehicles is reasonable in this case. The District Court recognized, however, that the easement is not wide enough to permit simultaneous parking and storage of vehicles by both Sampson and the Grooms. The District Court ordered exclusive easement rights of parking and storage to Sampson on land owned by the Grooms. Continuous parking and storage of vehicles by Sampson renders the easement unavailable for immediate use by anyone else for other purposes such as ingress and egress to and from the Grooms' property (tract "C"). The District Court attempted to address this problem with an order that Sampson move his vehicles from the easement "upon reasonable advance request" from the Grooms.

We recognize that such an exclusive right to park and store vehicles "would amount almost to a conveyance of the fee." Titeca, 634 P.2d at 1159. In Titeca, we noted that "[t]he mere use of the words 'private road' is not a clear indication of an intent to create an 'exclusive' easement." Titeca at 1159. Nor can permissive use of a private road for parking and storage justify the District Court's conclusion that such use of the easement was intended. Such an expanded use of the easement in question could only be obtained by prescription under the circumstances of this case and only then to the extent of the "nature of the enjoyment by which it was acquired." Section 70-17-106, MCA.

Sampson did not use the easement to the exclusion of the Grooms. Ralph Grooms, when deposed, stated that he used tract "B" on occasion to park his vehicles. Grooms also used the easement for access to his backyard. To establish a prescriptive right to park and store vehicles on the easement, Sampson would have to prove "open, notorious,

7

exclusive, adverse, continuous, and unmolested use of the servient tenement" for five years. Garrett v. Jackson (1979), 183 Mont. 505, 508, 600 P.2d 1177, 1179. Sampson's use under these facts was clearly permissive and nonexclusive.

At the time of the original grant, Sampson's predecessors in interest purchased both tract "A" and tract "G" with the accompanying easement. It appears that the intent of the grant was for tracts "A" and "G" to share equal rights of ingress and egress over a twelve-foot wide section of tract "B". The District Court's April 9, 1987, order allows Sampson to use the easement in a manner not contemplated at the time of the easement's creation. Vehicles and other items parked and stored for protracted periods of time render the private road impassable. Requiring the servient tenement, the Grooms, to request Sampson to clear the easement upon reasonable advance notice "burden[s] the servient estate to a greater extent than was contemplated at the time of the grant." Titeca, at 1159. Accordingly, parking and storage of vehicles is an unreasonable burden upon the servient estate under the circumstances of this case.

We hold that the District Court abused its discretion by allowing Sampson to park and store vehicles on the easement and by requiring the Grooms to request removal of those vehicles for access to their backyard. In so holding, we are not unmindful of the dilemma this case presented to the District Court. The law requires that Sampson's use of the easement not unreasonably burden the servient tenement. The law also requires that the Grooms "make use of the land in any lawful manner that [they choose], which use is not inconsistent with and does not interfere with the use and right reserved to the dominant tenement or estate." City of

8

Missoula v. Mix (1950), 123 Mont. 365, 372, 214 P.2d 212, 216.

We affirm the District Court's injunctions against both parties. The scope of the injunctions, however, requires reversal. The subject easement must be used only for purposes that do not unreasonably burden the servient tenement and which do not interfere with the use and right reserved to the dominant tenement. Accordingly, the case is remanded to the District Court with directions to enter the following permanent injunction as against both parties:

> IT IS ORDERED that both the Plaintiff and Defendants be, and hereby are, permanently enjoined from use and enjoyment of the easement for long term parking and storage of vehicles or any other use as would unreasonably interfere with the use and enjoyment of the easement as a private road for ingress and egress to tracts "A" and "C", provided, however, that both parties may use the easement for reasonable and necessary short term parking of vehicles to load and unload cargo or passengers.

Affirmed in part, reversed in part, and remanded with instructions.

_____
Justice

_____
_____
_____
_____
Justices